UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LISA CHARETTE | : | CIVIL NO. 3:01CV1927(WWE) |
| *Plaintiff* | : | |
| | : | |
| v. | : | |
| | : | |
| STATE OF CONNECTICUT | : | |
| DEPARTMENT OF SOCIAL SERVICES, | : | |
| ET AL. | : | |
| *Defendants* | : | May 19, 2004 |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF OBJECTION TO PLAINTIFF'S MOTION TO REINSTATE FMLA CLAIM**

**INTRODUCTION AND BACKGROUND**

Plaintiff's First Amended Complaint in this matter contained Three Counts. By motion dated April 12, 2002, with accompanying memorandum, the defendants moved to dismiss the Second and Third Counts of said First Amended Complaint (§ 1983 Equal Protection and Family and Medical Leave Act, respectively). Dkt. Nos. 17 and 18.

In response to the defendant's motion to dismiss and memorandum, plaintiff withdrew the Third Count of the First Amended Complaint which set forth her FMLA claim "[i]n light of the Second Circuit's decision in Hale v. Mann, 219 F.3d 61 (2d Cir. 2000)." Plaintiff reserved the right to reinstate her FMLA claim "in the event of a future Supreme Court decision on this issue in plaintiff's favor." Pltf.'s Opp. to Def. Mot. to Dismiss at p. 8, (June 10, 2003), (Dkt. No. 24). The Supreme Court's decision in Hibbs is not a "favorable decision" to plaintiff in the circumstances of her FMLA claim and, in fact, leaves Hale v. Mann undisturbed as the applicable law in this Circuit.

## ARGUMENT

### A. Plaintiff's FMLA Claim Remains Barred By The Eleventh Amendment After Hibbs.

Under the FMLA, an eligible employee who meets certain notice requirements is allowed to take up to 12 work weeks of leave in a twelve month period (1) when the employee has a serious health condition that makes him unable to perform the duties of his position, (2) to care for a close family member with a serious health condition, (3) because of the birth of a child, or (4) because of the placement of a child with the employee for adoption or foster care. 29 U.S.C. § 2612(a)(1)(A) - (D). In this case, plaintiff had claimed that her own serious health condition was the qualifying FMLA event. First Amended Compl. ¶¶ 36, 41, 42.

In Nevada Department of Human Resources, et al., v. Hibbs, et al., 538 U.S. 721, 123 S.Ct. 1972, 1977-89 (2003), the Supreme Court addressed the issue of whether the FMLA's employee leave for care for a close family member provision validly abrogated Nevada's Eleventh Amendment immunity. In determining that that discrete FMLA provision did represent a valid Congressional abrogation of states' sovereign immunity, the Court focused exclusively on the gender discrimination that Congress identified as its motivating factor in enacting the FMLA. Hibbs, 123 S.Ct. at 1979. The Hibbs plurality found that Congress had before it, in enacting the FMLA's care for close family provision, sufficient evidence to determine that the task of staying home to care for ill family members fell disproportionately on women. Id.

Because of the Supreme Court's narrow focus on the gender based aspects of the FMLA, the self – care leave provision of 29 U.S.C. § 2612(a)(1)(D) was not implicated. In <u>Brockman v. Wyoming Dep't of Family Services</u>, 342 F.3d 1159, 1164 (10th Cir. 2003), the Tenth Circuit expressly found that because the Supreme Court's analysis in <u>Hibbs</u> turned on the gender-based aspects of the FMLA's ill-family member provision, the self-care provision of the FMLA was not implicated. The Tenth Circuit went on to hold that the FMLA's self-care provision does not effect a valid abrogation of a state's Eleventh Amendment immunity because there is no evidence to tie the employee personal medical leave provision to the prevention of gender based discrimination. <u>Id</u>.

The Second Circuit has previously concluded that this self-care provision does not constitute a valid abrogation of state sovereign immunity. <u>Hale v. Mann</u>, 219 F.3d 61, 69 (2d Cir. 2000). Thus, in the Second Circuit, the only FMLA leave which qualifies for FMLA protection is leave for the purpose of caring for an ill family member. This provision is not implicated in this case.

### **CONCLUSION**

The Second Circuit Court of Appeals' decision in <u>Hale v Mann</u>, is undisturbed by the Supreme Court's decision in <u>Hibbs</u>. Plaintiff's FMLA claim remains barred and her Motion to Reinstate that claim must be denied.

DEFENDANTS,

STATE OF CONNECTICUT,
DEPARTMENT OF
SOCIAL SERVICES,

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: *(signature)*

Edward F. Osswalt
Assistant Attorney General
Federal Bar No. Ct15252
55 Elm Street - P.O. Box 120
Hartford, CT 06141-0120
Tel: (860) 808-5340
Fax: (860) 808-5383
Email:Edward.osswalt@po.state.ct.us

## CERTIFICATION

I hereby certify that pursuant to § 5(b) of the Federal Rules of Civil Procedure, a copy of the fully executed foregoing Defendant's Memorandum of Law In Support of Objection to Plaintiff's Motion to Reinstate FMLA Claim was mailed, first class postage prepaid, this 19th day of May, 2004 to:

John R. Williams, Esq.
Williams and Pattis, LLC
51 Elm Street, #409
New Haven, CT 06511

*(signature)*

Edward F. Osswalt
Assistant Attorney General

4