UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LISA CHARETTE | : | CIVIL NO. 3:01CV1927(WWE) |
| *Plaintiff* | : | |
| | : | |
| v. | : | |
| | : | |
| STATE OF CONNECTICUT | | |
| DEPARTMENT OF SOCIAL SERVICES, | | |
| ET AL. | | |
| *Defendants* | : | June 27, 2006 |

**MOTION FOR STATUS CONFERENCE OR IN ALTERNATIVE MOTION FOR ORDER FOR DATE CERTAIN FOR PLAINTIFF'S DEPOSITION**

COMES NOW the defendants, State of Connecticut Department of Social Services, Rudolph Jones, Ronald Georgetti, John Galiette, John Halliday and Brian Merbaum, through counsel and respectfully request a Status Conference be scheduled regarding the above-captioned matter. In the alternative, in light of the Court's ruling reopening the case dated June 22, 2006 (Doc. # 83), the defendants respectfully request an order from the Court for a date certain for the deposition of the plaintiff. In support of their motion, the defendants, through counsel, represent as follows:

1.  The Court issued an order of dismissal, dismissing the instant matter without prejudice on February 23, 2006 (Doc. # 78).

2.  The plaintiff filed a Notice of Appeal to the Second Circuit Court of Appeals on March 17, 2006 (Doc. # 80).

3.  The plaintiff withdrew the appeal based upon lack of a final judgment.

4.  The plaintiff filed a Motion for Relief from Dismissal on June 5, 2006 (Doc. # 81) and the defendants filed their response on June 9, 2006 (Doc. # 82).

5. In light of circumstances being at the same stage when the Court initially dismissed the case without prejudice, the defendants respectfully request that a Status Conference be scheduled.

6. The defendants have properly noticed the plaintiff's deposition on several occasions. On each and every occasion, the plaintiff has offered medical documentation insisting that she cannot attend a deposition. As the Court noted during a status conference held on February 21, 2006 a party is obligated to attend a properly noticed deposition. See Mercado v. Division of New York State Police, 989 F. Supp. 521, 523-24 (S.D.N.Y. 1998). The plaintiff has never been deposed in this instant action, nor in a companion matter in state court.

7. The Court during the status conference of February 21, 2006 noted it was inclined to administratively dismiss the matter without prejudice until such time as the plaintiff was able to be deposed and participate in the instant matter. The Court noted at the status conference that the defendants had the right to depose the plaintiff and the plaintiff had to be well enough to testify at trial, if necessary, so the matter as it stood could not proceed.

8. Upon information and belief, nothing has been altered since that February 21, 2006 status conference. The plaintiff steadfastly has refused to be an active participant in the instant matter other than insisting that she has a right to bring suit.

9. The defendants first noticed the deposition of the plaintiff for March 9, 2004. That deposition did not take place. A second notice of deposition was issued for some time in October 2004. There is a letter in the file from plaintiff's counsel dated October 27, 2004 confirming a discussion with then counsel for the defendants, former Assistant Attorney General Edward F. Osswalt, regarding the inability of taking an October 2004 deposition and that the plaintiff would be 'unavailable' until February 2005.

10. The undersigned filed his appearance in the instant matter on January 24, 2006 and noticed the deposition of the plaintiff for February 28, 2006.

11. The defendants were notified by letter dated February 16, 2006 that the plaintiff could not attend the deposition due to her medical condition.

12. The undersigned in the companion state court action properly noticed and deposed plaintiff's medical treater, Linda Spiegel, APRN, on May 18, 2006. At that deposition, Ms. Spiegel voiced that in her medical opinion she believed that the plaintiff, Ms. Charette, should not be deposed, but could be deposed if it was absolutely necessary.

13. The undersigned represents as counsel for the defendants he cannot properly prepare dispositive papers without being able to depose the plaintiff to fully address all issues raised in the Complaint.

WHEREFORE, the defendants respectfully request that the Court schedule a Status Conference regarding the instant matter. In the alternative, the defendants request that the Court issue an order for a date certain for the plaintiff to appear for a deposition.

>DEFENDANTS
>
>RICHARD BLUMENTHAL
>ATTORNEY GENERAL
>
>By: _____
>   Joseph A. Jordano
>   Assistant Attorney General
>   55 Elm Street, P.O. Box 120
>   Hartford, CT  06141-0120
>   Tel:  (860) 808-5340
>   Fax: (860) 808-5383
>   Email:
>    Joseph.Jordano@po.state.ct.us
>   Federal Bar # ct21487

**CERTIFICATION**

I hereby certify that on June 27, 2006 a copy of the foregoing Motion for Status Conference was filed electronically. Notice of this filing was sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

>/s/ Joseph A. Jordano_____
>Joseph A. Jordano (# ct21487)
>Assistant Attorney General
>55 Elm Street, P.O. Box 120
>Hartford, CT  06141-0120
>Tel.: (860) 808-5340
>Fax: (860) 808-5383
>E-mail: Joseph.Jordano@po.state.ct.us