UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LISA CHARETTE | : | CIVIL NO. 3:01CV1927(WWE) |
| *Plaintiff* | : | |
| | : | |
| v. | : | |
| | : | |
| STATE OF CONNECTICUT | | |
| DEPARTMENT OF SOCIAL SERVICES, | | |
| ET AL. | | |
| *Defendants* | : | August __, 2006 |

## PROTECTIVE ORDER

**IT IS HEREBY ORDERED that:**

1. All documents and information furnished regarding medical and health care pertaining to Lisa Charette, including but not limited to the records created or maintained by Linda Spiegel, APRN, shall be considered confidential and shall not be further disclosed except as provided herein. Upon a party's designation that a document or information is covered by this protective order, the opposing party may seek review with the court to determine the propriety of the designation.

2. For the purpose of this Protective Order, and to further the litigation of this matter, the use of documents and information regarding the health care records of Lisa Charette and confidential information shall consist of and be limited to disclosure to:

> a. Counsel of record for the named plaintiff in this action;
> b. Counsel of record for the named defendants in this action;
> c. The paralegal, clerical and secretarial staffs employed by counsel referenced in sections a and b above;
> d. Experts, consultants or investigators consulted with by counsel in connection with this action;
> e. The Court presiding over this action; and
> f. Any court reporter present in his or her official capacity at any hearing, deposition or other proceeding in this action.

3. Any person to whom the documents, copies thereof, or the contents of information contained therein are to be disclosed subject to this Protective Order shall be informed of the contents of the Protective Order prior to said disclosure and shall agree <u>in writing</u> to be bound by its terms.

4. Documents produced during the course of informal discovery prior to the date of execution of this stipulation shall be subject to this order and labeled accordingly.

5. Any party may seek a modification of this protective order by the court based upon a showing of good cause that the modification is necessary to further pending court proceedings only. In the event such a motion is made, the identity of any person to whom disclosure of information is sought shall be included within the motion, along with the reasons or reasons that disclosure of protected information is necessary to advance the litigation. Such disclosure of identity may be made to the court *in camera*.

6. Upon the completion of this litigation, whether by settlement or by verdict the parties agree to either return all documents deemed confidential or to destroy them.

By Order of the Court this _____ day of _____, 2006

BY: _____
Warren W. Eginton
United States District Court Judge