**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| LISA CHARETTE | : | CIVIL NO. 3:01CV1927(WWE) |
| *Plaintiff* | : | |
| | : | |
| v. | : | |
| | : | |
| STATE OF CONNECTICUT | | |
| DEPARTMENT OF SOCIAL SERVICES, | | |
| ET AL. | | |
| *Defendants* | : | October 19, 2006 |

**DEFENDANTS' MOTION TO COMPEL AND MOTION FOR SANCTIONS**

COMES NOW the defendants, State of Connecticut Department of Social Services, Rudolph Jones, Ronald Georgetti, John Galiette, John Halliday and Brian Merbaum, through counsel and pursuant to Rule 37(a) of the Federal Rules of Civil Procedure and Local Rule 37(a)(2) move to compel the plaintiff to make herself available for deposition and respond to questions concerning her claims in the captioned matter. In the alternative, the defendants move that the court issue a dismissal of the instant matter with prejudice as a sanction for her failure to attend a duly noticed deposition. A memorandum of law is submitted herewith.

The defendants assume the Court's familiarity with the pleadings, but will highlight the salient points below.

1.   The Court, based upon the plaintiff's refusal to appear for duly noticed depositions, issued an order of dismissal in the instant action without prejudice on February 23, 2006 (Doc. # 78). This followed a February 21, 2006 status conference in which plaintiff's counsel at the time informed the court that the plaintiff was not inclined to be deposed at that time. The Court noted at the February 21, 2006 status conference that the defendants had the

right to depose the plaintiff and the plaintiff had to be well enough to testify at trial, if necessary, so the matter as it stood could not proceed.

     2.     The plaintiff filed a Notice of Appeal to the Second Circuit Court of Appeals on March 17, 2006 (Doc. # 80).

     3.     The plaintiff withdrew the appeal based upon lack of a final judgment.

     4.     The plaintiff filed a Motion for Relief from Dismissal on June 5, 2006 (Doc. # 81) and the defendants filed their response on June 9, 2006 (Doc. # 82).

     5.     The Court reopened the instant matter on June 22, 2006 (Doc. # 83).

     6.     The defendants filed a Motion for Status Conference or In Alternative a Motion for Order for Date Certain for Plaintiff's Deposition on June 27, 2006 (Doc. # 84).

     7.     The Court ordered that a status conference be held on June 30, 2006 (Doc. # 85) and granted defendants' motion for a date certain for plaintiff's deposition (Doc. # 86, See Attachment A).

     8.     A telephonic status conference was held on June 30, 2006. Plaintiff was represented by Attorney Rob Serafinowicz of the Law Firm of Williams & Associates, LLC, the defendants by Assistant Attorney General Joseph A. Jordano; and Nancy O'Brasky, law clerk, represented the Court on behalf of United States District Court Judge Warren W. Eginton.

     9.     Attorney Serafinowincz conceded that the plaintiff had to attend a duly noticed deposition. Counsel for both parties agreed to work collectively to schedule the plaintiff's deposition within the next 45 days.

     10.     The deposition of the plaintiff, which had never been taken in the instant matter or parallel state court case, was noticed for August 3, 2006. The defendants, who throughout have bent over backwards to acquiesce to plaintiff's alleged medical needs, agreed to take the

deposition at the office of the plaintiff's medical treater, Linda Spiegel, APRN. Due to Ms. Spiegel's schedule, the deposition was slated for a 3:30 p.m. start. The undersigned was only afforded 1½ hours in which to depose the plaintiff at this time. During this entire time, the plaintiff appeared to testify without difficulty.

11. Katrena Engstrom, Esq., of the Law Firm of Williams & Associates, represented the plaintiff at the August 3, 2006 deposition.

12. Through the efforts of Attorney Engstrom, counsels attempted to continue the deposition on September 12, 2006. Again, defense counsel asked for more time that simply 1.5 hours at 3:30 p.m. in the afternoon to avoid the repeated costs of rescheduling a court reporter. (See Attachment B). Ultimately the deposition was cancelled when Attorney Engstrom could not get a firm answer from her client about the issue of her attendance on that date for a starting time earlier than 3:30 p.m. (See Attachment C).

13. Attorney Engstrom and defense counsel again conferred and scheduled then deposition of plaintiff for 12:00 noon on September 17, 2006. Counsel noticed in the deposition and faxed it to plaintiff's counsel. (See Attachment D).

14. On September 16, 2006, Attorney Engstrom communicated that Charette refused to attend the deposition scheduled for the 17th until she receives a copy of her personnel file that she claims is owed to her by the defendants.

15. The undersigned notes for the record that plaintiff's counsel, Ms. Engstrom, has worked diligently to move the deposition forward. (See Attachment E)

16. The defendants have properly noticed the plaintiff's deposition on several occasions since the complaint was first filed. On each and every occasion previously, the

plaintiff has offered medical documentation insisting that she cannot attend a deposition before reverting to other dilatory tactics.

22. The undersigned represents as counsel for the defendants he cannot properly prepare dispositive papers without being able to depose the plaintiff to fully address all issues raised in the Complaint.

23. The defendant reminds the court that Rules 26 and 30 of the Federal Rules not only permit a deposition irrespective of other discovery that may be pending, but the plaintiff cannot dictate under what terms she will appear for her deposition.  She must appear and be deposed or suffer sanctions by this court.

WHEREFORE, the defendants respectfully request that the Court compel the plaintiff's appearance at the continuation of her deposition, or, in the alternative, dismiss the matter in its entirety as a sanction under Rule 37 for her failure to appear at the deposition.   This matter, as this Court has noted previously this case is over five years old. The plaintiff has continually stonewalled all attempts to move the case forward by refusing to be deposed.

DEFENDANTS

RICHARD BLUMENTHAL
ATTORNEY GENERAL

By:  /s/ *Joseph A. Jordano*
Joseph A. Jordano
Assistant Attorney General
55 Elm Street, P.O. Box 120
Hartford, CT  06141-0120
Tel:  (860) 808-5340
Fax: (860) 808-5383
Email:
 Joseph.Jordano@po.state.ct.us
Federal Bar # ct21487

## CERTIFICATION

I hereby certify that on October 19, 2006 a copy of the foregoing Motion to Compel and Motion for Sanctions was filed electronically. Notice of this filing was sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Joseph A. Jordano
Joseph A. Jordano (# ct21487)
Assistant Attorney General
55 Elm Street, P.O. Box 120
Hartford, CT 06141-0120
Tel.: (860) 808-5340
Fax: (860) 808-5383
E-mail: Joseph.Jordano@po.state.ct.us