UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LISA CHARETTE | : | CIVIL NO. 3:01CV1927(WWE) |
| *Plaintiff* | : | |
| | : | |
| v. | : | |
| | : | |
| STATE OF CONNECTICUT | : | |
| DEPARTMENT OF SOCIAL SERVICES, ET AL. | : | |
| *Defendants* | : | October 19, 2006 |

DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO COMPEL AND SANCTIONS

**I.   INTRODUCTION**

Pursuant to Rule 37(a)(2) of the Federal Rules of Civil Procedure and D. Conn. L. Civ. R. 37(a)(2), the Defendants hereby respectfully submit this memorandum in support of their motion to compel and sanctions against the plaintiff for repeatedly engaging in dilatory tactics that include her refusal to appear for a properly noticed deposition.

Since the inception of this case the plaintiff has tried various dilatory tactics to avoid being deposed. For several years she refused to be deposed based on medical grounds. It wasn't until 2005 when her case was dismissed by the court and then subsequently reinstated that the plaintiff got the hint that she had to submit for a deposition. Nevertheless, despite the court's order that the plaintiff be deposed by August 18, 2006 (Docket # 86), her dilatory tactics continued. First, she demanded that her medical provider, Linda Spiegel, APRN, be present at the deposition. Defense counsel agreed to this request and a deposition was set for August 3, 2006, but only for 1.5 hours (it began at 3:30 p.m.) because the plaintiff had to leave at 5:00 p.m. The deposition was continued. During the deposition, the plaintiff did not request a single break

for any reason. She was there for over two hours with no apparent problems. Also, her answers to counsel's questions during the August 3, 2006 session were evasive and hostile. (See as example Exhibit A to this memorandum, Excerpts from deposition, pp. 33:22-34:13; p. 20:6-17, pp. 21:14-22:3).

The next date that the plaintiff was supposedly available was September 12, 2006. Again the plaintiff only wanted to be deposed for 1.5 hours. There being no obvious medical reason why the plaintiff could not be deposed for more than 1.5 hours at a time, defense counsel asked that the plaintiff appear for at least four hours. That deposition did not occur because of confusing messages left by plaintiff with her counsel. Respective counsel then agreed on October 17, 2006 as a date to continue the deposition and it was noticed in for 12:00 noon. The day before the deposition was scheduled to go forward,, plaintiff contacted her attorney and informed Attorney Katrena Engstrom that she would not attend the deposition until she received a copy of her personnel file.[1]

The defendants request that this Court issue an order forthwith either compelling plaintiff's attendance at a deposition to be videotaped by defendants at a mutually convenient location and time or, in the alternative, an order sanctioning the plaintiff for her dilatory tactics. Defense counsel and plaintiff's counsel have worked diligently to finish the deposition that the court had ordered completed by August 18, 2006.

---

[1] A review of the defense counsel's file shows no formal written request for the plaintiff's personnel file through discovery. Plaintiff's counsel's did speak to defense counsel informally about obtaining a copy of the plaintiff's personnel file and several other documents which was taken under advisement. Respective counsel agreed to the October 17th date with no mention of these records. While the defendants have no objection of producing the plaintiff's personnel file if requested through discovery, such information is immaterial to the questions defense counsel wants to ask about facts pertaining to the case. The plaintiff cannot dictate when and under what conditions she will comply with the Federal Rules of Civil Procedure.

It is established law that the typical procedure for a party's failure to attend a deposition if for the court to order the party to appear within 30 days with any failure resulting in sanctions. See Beattie v. Bolla Taxi, Inc., 2003 WL 22070538 (S.D.N.Y. 2003). The court has broad powers to impose sanctions for discovery abuses. Winn v. Associated Press, 903 F. Supp. 575, affirmed 104 F.3d 350 (S.D.N.Y. 1995). In this case, the court ordered Charette to appear and be deposed before August 18, 2006.

Defendant strenuously objects to the plaintiff's apparent misperception that she can dictate to both counsels and this court under what conditions she will be deposed and when. The plaintiff's complaint includes 41 paragraphs and a FMLA claim, in which she raised several fact intensive claims for which defense counsel has not yet had the opportunity to depose her. Defendants submit that the plaintiff has and continues to engage in dilatory tactics designed to delay her deposition. Regretfully, it is time for the court to step in and exercise its power to make Charette comply with the court's or dismiss her case.

>
> DEFENDANTS,
>
> STATE OF CONNECTICUT,
> DEPARTMENT OF
> SOCIAL SERVICES,
>
> RICHARD BLUMENTHAL
> ATTORNEY GENERAL
>
>
> BY:   /s/   *Joseph A. Jordano*
>       Joseph A. Jordano
>       Assistant Attorney General
>       55 Elm Street, P.O. Box 120
>       Hartford, CT  06141-0120
>       Tel:  (860) 808-5340
>       Fax:  (860) 808-5383
>       Email: Joseph.Jordano@po.state.ct.us
>       Federal Bar # ct21487

## **CERTIFICATION**

I hereby certify that on  October 19, 2006 a copy of the foregoing Memorandum of Law in Support of Motion to Compel and Sanctions was filed electronically.  Notice of this filing was sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

>
> /s/ Joseph A. Jordano
> Joseph A. Jordano (# ct21487)
> Assistant Attorney General
> 55 Elm Street, P.O. Box 120
> Hartford, CT  06141-0120
> Tel.: (860) 808-5340
> Fax: (860) 808-5383
> E-mail: Joseph.Jordano@po.state.ct.us