UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LISA CHARETTE | : | CIVIL NO. 3:01CV1927(WWE) |
| *Plaintiff* | : | |
| | : | |
| v. | : | |
| | : | |
| STATE OF CONNECTICUT | | |
| DEPARTMENT OF SOCIAL SERVICES, | | |
| ET AL. | | |
| *Defendants* | : | November 15, 2006 |

**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL AND MOTION FOR SANCTIONS**

COMES NOW the defendants and for its reply to plaintiff's opposition to their Motion to Compel and Motion for Sanctions dated November 8, 2006 (Doc. # 98) state as follows. .

Foremost, plaintiff's representation that she "never agreed to more than 1.5 hours sessions for her deposition" is absolutely absurd. The initial session was limited to 1.5 hours because Ms. Charette announced that she had to leave at 5:00.

> MS. ENGSTROM: I just wanted to mention, I don't think you - - did you tell her that she can take a break at any time?
>
> MR. JORDANO: Sure.
>
> MS. ENGSTROM: After you've answered the question, you can take a break at any time. Okay?
>
> CHARETTE: Okay.
>
> MS. ENGSTROM: So if you feel you need one, let us know.
>
> CHARETTE: Thank you.
>
> MR. JORDANO: That's no problem.
>
> CHARETTE: Can I ask a question? How long do you think this will go for?
>
> MR. JORDANO: I don't know. It depends on how much - - I mean, I have to go through your complaint. I don't know how long we'll be here.

| | |
|---|---|
| CHARETTE: | Okay. I have to leave at 5:00. just to let you know. |
| JORDANO: | All right. Well, I did mention to Mr. Williams that I didn't think we'd complete today, and I asked him for some additional dates to come back and complete. So if we can do it by agreement, we can stop at 5:00 with the agreement that we'll continue it to a different day and finish up. |
| MS. ENGSTROM: | We'll figure it out later. We're not going to figure out that day right now. |
| MR. JORDANO: | Not the date. I just want to be clear I won't be done by 5:00. We started at 3:30, and it's ten after 4:00 right now. |
| MS. ENGSTROM: | We understand. |
| MR. JORDANO: | Okay. That's fine. By agreement we'll do that. We'll continue it at 5:00. |
| MR. JORDANO: | All right. Let's continue here. |
| CHARETTE: | You mean complete it at 5:00? |
| JORDANO: | We'll end it, and we'll finish it on a different day[1]. |

More ironic is Charette's continued belief that she can control the length, timing and conditions for her deposition. In several emails, defense counsel made note that the plaintiff did not appear distressed at the August 3, 2006 session and expressed his opinion that there was no reason why the plaintiff could not attend a longer session. Counsel for both parties agreed to the continuation of the deposition for September 17, 2006. Counsel for the plaintiff then informed the undersigned that Ms. Charette <u>refused</u> to attend the duly noticed deposition "until she saw her <u>personnel file</u>." There was no mention of medical concerns. It is the plaintiff who continues to stonewall the matter.

---

[1] See attachment, Excerpts from Charette Deposition, pp. 45-46, pp. 87-89. It is clear from both segments that the deposition was not concluded; it was being continued to at least one other day.

Plaintiff's representation in her memorandum (Doc. # 98, p. 1) that the parties "are presently attempting to resolve their disagreement concerning the other requested documents" is misleading. To counsel's knowledge there are no formal discovery at issue that bear on the defendants' ability to depose the plaintiff!  It is the plaintiff who owes the defendants discovery material.  In a discovery request dated October 29, 2003, the defendants, through then counsel, requested a copy the plaintiff's medical/psychological records.  She has not produced any records to date.  At the deposition of Linda Spiegel, APRN, on May 18, 2006, defense counsel renewed his request for a copy of the plaintiff's medical records.  Nothing has been received to date.

The defendants have a right under the rules to depose the plaintiff up to the maximum time permitted.  The plaintiff's affidavit is farcical. Her representation that there was a "misunderstanding" (¶ 3) is false.  As noted, supra, the plaintiff understood the deposition was not completed on August 3, 2006 and would continue on another date. She simply refused to attend the duly noticed deposition on September 17, 2006 until her conditions are met.

Plaintiff's representation in her 'affidavit' that she requested her personnel file "adnosium" (sic) is confusing.  Such a request was not made through discovery. However, the personnel file was provided as a courtesy to the plaintiff on November 3, 2006 (see attached letter). The main point of the Defendants' motion that it should NOT take this much effort to depose the plaintiff.  She has asserted a multitude to excuses from health concerns to a demand for documents that were not requested in discovery, all in order to avoid being deposed.

The undersigned cannot do the plaintiff's deposition piecemeal.  It is not the plaintiff's call to dictate to this Court how, where or when and under what circumstances it will take place.

3

For all the foregoing reasons, and those expressed in the Motion (Doc. # 97), the defendants respectfully request that the plaintiff be compelled to appear for a deposition, that sanctions be imposed on the plaintiff for her failure to appear at the deposition, or, in the alternative, that this action be dismissed with prejudice. As the Court noted back in February 2006, this case is over five years old.

          DEFENDANTS

          RICHARD BLUMENTHAL
          ATTORNEY GENERAL

By:   /s/ *Joseph A. Jordano*
      Joseph A. Jordano
      Assistant Attorney General
      55 Elm Street, P.O. Box 120
      Hartford, CT  06141-0120
      Tel:  (860) 808-5340
      Fax: (860) 808-5383
      Email:
       Joseph.Jordano@po.state.ct.us
      Federal Bar # ct21487

## CERTIFICATION

I hereby certify that on November 15, 2006 a copy of the foregoing was filed electronically. Notice of this filing was sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/_Joseph A. Jordano_____
Joseph A. Jordano (# ct21487)
Assistant Attorney General
55 Elm Street, P.O. Box 120
Hartford, CT  06141-0120
Tel.: (860) 808-5340
Fax: (860) 808-5383
E-mail: Joseph.Jordano@po.state.ct.us