UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LISA A. CHARETTE

VS.  :  NO. 3:01CV1927(WWE)

DEPT. OF SOCIAL SERVICES, ET AL. :  FEBRUARY   , 2007

### STIPULATION FOR CONFIDENTIALITY AND PROTECTIVE ORDER

WHEREAS, it appears that the defendant has elected to take a videotape deposition ("videotape") of the plaintiff in the above captioned matter and the plaintiff is concerned about the distribution of copies of the videotape:

THE PARTIES HEREBY AGREE AND CONSENT TO A CONFIDENTIALITY AND PROTECTIVE ORDER, AS FOLLOWS:

1. The videotape shall be inspected and/or viewed **only by the Defendants and attorneys representing the Defendant in this action, and their clerical staffs, legal assistants and such other persons who are working on this case, including experts or prospective experts or witnesses, at the 55 Elm St. Building.** No other persons shall have access to the videotape without prior approval of the Court or consent of the Plaintiff.

2. Any dispute that arises between the parties with respect to this procedure shall be resolved by the Court.

3.  If, in connection with a pretrial discovery matter, is to be included in any papers to be filed in Court, counsel shall file with such videotape a notice that such videotape is subject to this Stipulation. The videotape shall be filed in a sealed envelope bearing a label which contains the case caption, docket number, the title of the papers being filed, and the statement: "Confidential -- Subject to Stipulation dated _____.
Filed under seal pursuant to Local Rule 7(f) of the United State District Court for the District of Connecticut."

4.  If the videotape is disclosed to any person other than in the manner authorized by this Stipulation, the party responsible for the disclosure shall, upon discovery of the disclosure: conduct a diligent and prompt investigation of the circumstances of the disclosure, including ascertaining the name and address of the person to whom the disclosure was made; make reasonable efforts to prevent disclosure by any such unauthorized person who receives the videotape; and promptly inform all other counsel of all facts pertinent to the disclosure.

5.  Nothing in this Stipulation shall be construed to waive or prejudice the right of any party to object to the production or admission of the videotape in this action, including any hearing or trial. Similarly, nothing in this Stipulation shall be construed to waive or prejudice the right of any party to make an offer of

evidence of the videotape at any civil hearing or at trial.

6. Nothing in this Stipulation shall prohibit disclosure of the videotape relating to any party upon the express permission of the plaintiff or by order of the Court.

7. The terms of this Stipulation are intended to govern the use of the videotape during pretrial discovery only and do not apply to the trial of plaintiffs' claims against defendants, with the exception of Paragraph 7.

8. Within sixty (60) days after the termination of this litigation, including any appeal, the videotape shall be returned to counsel for the producing plaintiff.

_____
KATRENA ENGSTROM
John R. Williams and Associates, LLC

_____
JOSEPH JORDANO
Asst. Attorney General