UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LISA CHARETTE | : | CIVIL NO. 3:01CV1927(WWE) |
| *Plaintiff* | : | |
| | : | |
| v. | : | |
| | : | |
| STATE OF CONNECTICUT DEPARTMENT OF SOCIAL SERVICES, ET AL. | | |
| *Defendants* | : | March 22, 2007 |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER RE: VIDEOTAPE DISTRIBUTION**

COMES NOW the defendants, State of Connecticut Department of Social Services, Rudolph Jones, Ronald Georgetti, John Galiette, John Halliday and Brian Merbaum, through counsel, and responds to the Plaintiff's Motion for Protective Order Re: Videotape Distribution dated March 20, 2007. (Doc. # 116).

Plaintiff's counsel makes reference in the motion that, "Ms. Charette's concerns [were discussed] with defense counsel at the last session of her deposition on February (sic)[1] and it was plaintiff's understanding that defense counsel had agreed to execute a confidentiality agreement relating to this issue" (Plaintiff's Motion, p. 1). Plaintiff counsel's recollection regarding a conversation taking place at the deposition is correct. However, plaintiff counsel's recollection regarding any agreement is faulty; the undersigned did <u>not</u> agree to any agreement.

---

[1] Plaintiff's deposition, pursuant to the Order of Judge Warren W. Egington, was begun on January 29, 2007. The continuation of the deposition has been noticed for March 26, 2007 but its status is unclear based on Plaintiff's Motion to Limit Deposition Sessions to Two (2) Hours Per Session dated March 18, 2007 (Doc. # 115). The undersigned has not heard from plaintiff's counsel whether or not the plaintiff intends on appearing at the duly noticed deposition, scheduled pursuant to the Court's order of January 10, 2007 (Doc. # 107).

Plaintiff's 'concern' about the 'mishandling' or 'use for other purposes' seems disingenuous and misplaced at this point in the instant matter. The plaintiff sued five defendants, Rudolph Jones, Ronald Georgetti, John Galiette, John Halliday and Brian Merbaum, in their individual capacities. Three of the five named defendants are retired, one lives out-of-state and one lives in the northwest corner in the state. They should not be forced to have to travel to the Attorney General's Office in Hartford to view the deposition that took place. Foremost, a deposition is public information and should not be restricted based upon the plaintiff's wishes.

The plaintiff in the instant matter has sought on innumerable occasions to tailor the proceedings to her particular desires and whims, which seem to shift as the wind, and should not be allowed to do so in this instant regard. While the undersigned knows of no reason, and has no intent, to show the videotape to an independent third party, we do not agree regarding a protective order. As noted, supra, a deposition and its contents is public record.

Plaintiff's 'concern' regarding Court proceedings is insincere. She has thumbed her nose at this Court throughout. She has obfuscated the proceedings and her dilatory tactics has continually and incessantly prolonged this matter. The undersigned's intent was to take the deposition of the plaintiff so that the claims that she has raised in the federal lawsuit and companion state lawsuit could be addressed together. However, based upon the plaintiff's continuous dilatory tactics, where she has either refused to answer a simple "yes" or "no" question or has gone into long-winded diatribes that are non-responsive to the question presented, the undersigned will be forced to notice the deposition of the plaintiff in the state lawsuit to address those issues separately.

The defendants' counsel makes note for the Court that the plaintiff to date has failed to pay the State of Connecticut, Attorney General's Office the $1,100.00 sanctioned by this Court

on January 10, 2007 (Doc. # 107).  The plaintiff made a unilateral decision of forwarding a check for $5.00[2] on or about March 6, 2007 to the Attorney General's Office.  No discussion had taken place regarding a periodic payment plan and certainly the undersigned would not agree to such an outrageous amount in consideration of the sanctioned amount owed the State of Connecticut.

The undersigned respectfully requests that this Court set a date certain for the payment of the sanction or for a reasonable payment plan wherein the plaintiff is required to make consistent payments and that the amount sanctioned be paid in full in a reasonable length of time.[3]

For all the foregoing reasons, the defendants, through counsel, strenuously object to the plaintiff's Motion for Protective Order Re: Videotape Deposition and moves for the Court to deny the motion in its entirety.

---

[2] The check, sent by the Law Office of Rubenstein & Sendy, LLC, was made payable to "Joseph Jordano."  The check was returned on March 8, 2007 with the letter copied to Attorney John Williams and U.S. District Court Judge Warren W. Egington.  A e-mail was sent that day to the Law Office of John R. Williams, LLC, regarding the check and requesting that he contact the undersigned regarding a reasonable payment plan.  To date, no response has been received.

[3] The Attorney General's Office, as all state agencies, is required to prepare a collection report within 24 hours of receipt of any funds.  Plaintiff's unilateral $5 payment plan would cause an undue hardship on the administrative assistant of the Employment Rights Department, forcing her to fill out the considerable paperwork required for minimal result.  It would cost the Attorney General's Office more for this documentation to be prepared than the amount received.

        DEFENDANTS

        RICHARD BLUMENTHAL
        ATTORNEY GENERAL

By:   */s/ Joseph A. Jordano*_____
      Joseph A. Jordano
      Assistant Attorney General
      55 Elm Street, P.O. Box 120
      Hartford, CT  06141-0120
      Tel:  (860) 808-5340
      Fax: (860) 808-5383
      Email:
       Joseph.Jordano@po.state.ct.us
      Federal Bar # ct21487

## **CERTIFICATION**

    I hereby certify that on March 22, 2007 a copy of the foregoing was filed electronically. Notice of this filing was sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

      /s/ Joseph A. Jordano_____
      Joseph A. Jordano (# ct21487)
      Assistant Attorney General
      55 Elm Street, P.O. Box 120
      Hartford, CT  06141-0120
      Tel.: (860) 808-5340
      Fax: (860) 808-5383
      E-mail: Joseph.Jordano@po.state.ct.us