**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| LISA CHARETTE | : | CIVIL NO. 3:01CV1927(WWE) |
| *Plaintiff* | : | |
| | : | |
| v. | : | |
| | : | |
| STATE OF CONNECTICUT DEPARTMENT OF SOCIAL SERVICES, ET AL. | | |
| *Defendants* | : | March 22, 2007 |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO LIMIT DEPOSITION SESSIONS TO TWO HOURS PER SESSION**

COMES NOW the defendants, State of Connecticut Department of Social Services, Rudolph Jones, Ronald Georgetti, John Galiette, John Halliday and Brian Merbaum, through counsel, and responds to the Plaintiff's Motion to Limit Deposition Sessions to Two (2) Hours Per Session dated March 18, 2007 (Doc. # 115).

**I.   NO OBJECTION IF THE PLAINTIFF AGREES TO INCUR THE COSTS ASSOCIATED WITH HAVING TO STRETCH DEPOSITON OVER SEVERAL DAYS**

The defendants, through counsel, represent that they have no objection IF Ms. Charette agrees to pay the cost of the deposition(s). The defendants will incur additional expenses in having to schedule he plaintiff's deposition over two more dates. To stretch it even further will create a further financial burden upon the defendants. The defendants submit that the plaintiff should be required to pay for the videographer for the two (2) additional sessions and pay for all associated costs. If the plaintiff agrees to such terms, then the defendants will have no objection.[1]

---

[1] The plaintiff has failed to pay the State of Connecticut, Attorney General's Office, the sanction of $1,100.00 ordered by the Court on January 10, 2007 (Doc. # 107). That will be addressed, infra.

The undersigned will not repeat the long history of the instant matter for the Court, assuming familiarity with the pleadings, but will repeat those necessary for the convenience of the Court.

A status conference was held on January 5, 2007 to discuss the defendants' Motion to Compel (Doc. # 97). The status conference was held based upon the plaintiff's continued dilatory tactics and refusal to appear for a duly noticed deposition. The plaintiff unilaterally threw new conditions into the mix, demanding her personnel file[2] and that her medical provider be allowed to attend the deposition[3] among her many demands. This followed innumerable postponements of the plaintiff's deposition based upon representation from various medical treaters that she could not sit for a deposition.

The Court on January 10, 2007 (Doc. # 107) ORDERED the plaintiff to appear for "two depositions to begin at 10:00 a.m. at the office of defense counsel within 30 days of this order at a date to be noticed by defense counsel. Defense counsel shall be afforded 3.5 hours on each date, excluding breaks every two hours and a one-hour lunch break, to conduct the depositions. Plaintiff's failure or refusal to attend these depositions without prior approval of the Court **shall** result in the dismissal of her case, with prejudice." (Emphasis added)

---

[2] The plaintiff NEVER in discovery requested her personnel file. Despite this shortcoming, the undersigned as a courtesy to plaintiff's counsel forwarded the personnel file to plaintiff's counsel.

[3] Plaintiff's medical treater, Linda Spiegel, APRN, appeared for the deposition that was conducted on January 29, 2007. For the record, Ms. Spiegel left shortly after its inception and never returned to the conference room.

## II. PLAINTIFF HAS CONTINUED HER DILATORY TACTICS WHICH WAS THE BASIS OF THE MOTION TO COMPEL GRANTED BY THE COURT

On January 29, 2007, the undersigned attempted to resume/continue the plaintiff's deposition. Despite explicit orders from the Court, the plaintiff has continued her dilatory tactics. For example,

> Q. My question is, do you agree that this deposition, at least the transcript of your deposition indicates that you testified on August 3rd of 2006 that you were receiving social security disability benefits, at least as of that date?
>
> A. The Judge's order for this deposition is that it didn't take place, so I can't answer your question, sir.
>
> Q. Did you look at the deposition I just showed you, Ms. Charette?
>
> A. The deposition didn't take place. That's the Judge's orders.
>
> Q. Are you refusing to answer my question?
>
> A. I'm answering your question, sir.
>
> Q. My question, is, so your testimony is the deposition of August 3rd, your sworn testimony, did not take place?
>
> A. Not my sworn testimony. That's what the Judge's order say, sir.
>
> Q. So you refuse to answer my question today about the transcript?
>
> MS. ENGSTROM: I'm going to object. I'm going to instruct you not to answer any more questions on this. For whatever reason, she's given you that answer and you keep repeating the question.
>
> MR. JORDANO: Are you taking the position that the deposition of August 3rd, 2006 did not take place?
>
> MS. ENGSTROM: She gave you an answer to that question, you may not like the answer to the question but that's the answer she gave you. The record will reflect whatever the answer was, and I'd request you not to repeat the question because you're going to keep getting the same answer over and over again.
>
> MR. JORDANO: I want to know if you ---
>
> MS. ENGSTROM: You may not like the answer.
>
> MR. JORDANO: No, I want to know if you're instructing her not to answer my questions?
>
> MS. ENGSTROM: Yeah, I'm instructing – if it's the same question you just asked two or three times, I'm instructing her not to answer it again because it's repetitive.

| | |
|---|---|
| Q. | Are you currently receiving social security benefits? |
| A. | I've already answered the question, sir. |
| Q. | Are you currently receiving social security benefits? |
| MS. ENGSTROM: | **That's a different question.** |
| THE WITNESS: | I already answered it. |
| MS. ENGSTROM: | What was your answer earlier? |
| THE WITNESS: | What we stepped out of the room and discussed matters and then privacy, and we discussed – |
| MS. ENGSTROM: | So, it's the privacy answer. |
| MR. JORDANO: | Can I ask the basis of that?  This goes to the issue of damages. |
| MS. ENGSTROM: | I know. |
| MR. JORDANO: | So, can I ask you, so you're telling her not to answer on the grounds of privacy. |
| MS. ENGSTROM: | No. I'm not telling her what to say, but she did give you an answer earlier when you asked her that question. |
| MR. JORDANO: | So, my point, wait a minute, so you're saying that your testimony, your position is  you're telling her to answer, but your client's refusing to answer? |
| MS. ENGSTROM: | Well, she gave you some kind of answer.  You didn't like it. |
| MR. JORDANO: | No, no, I asked her if she's receiving it, and you just said to me that she's refusing to answer on the grounds of privacy. |
| MS. ENGSTROM: | Isn't that it? |
| MR. JORDANO: | And I want to know the basis of that. |
| THE WITNESS: | Yes. |
| MR. JORDANO: | My question is, are you instructing her – |
| MS. ENGSTROM: | Oh, what is the basis of her giving that answer? |
| MR. JORDANO: | No, you were instructing her not to answer the question of whether --- |
| MS. ENGSTROM: | She's saying she's claiming a privilege on that. |
| MR. JORDANO: | I'm asking are you taking the same position, that it's privileged? |
| MS. ENSTROM: | I'm not.  I'm not taking that position, but her claim is one of privilege and she's basing it on HIPAA, you know, the HIPAA Act. |
| MR. JORDANO: | Are you taking the position that the deposition that occurred on April 3rd, 2006 did not occur? |

4

| | |
|---|---|
| MS. ENGSTROM: | Well, this is not my deposition, so you, you know, you're not taking my deposition. |
| MR. JORDANO: | You're going to find yourself in front of the judge again. I'm just telling you, you're going to find yourself in front of the judge again. You're going to find yourself --- I'm going to give you ---. |
| MS. ENGSTROM: | All I can say is these are the answers my client's giving you, and to repeat the question is not going to help anybody. |
| MR. JORDANO: | I'm going to let you know. |
| THE WITNESS: | I think that was the point. |
| MR. JORDANO: | There's not a question pending to you ma'am. You refused to answer the question. That's all I want to hear. |

Excerpt from Deposition of Lisa Charette, dated January 29, 2007, pp. 66:20 to 71:15.[4]

The undersigned, following the deposition of January 29, 2007 contacted Judge Eginton's chambers. The Court has ordered the plaintiff to refrain from further delaying tactics and answer questions presented by defendants' counsel.

### III.    PLAINTIFF HAS NOT REQUESTED COURT PERMISSION TO NOT ATTEND DEPOSITION OF MARCH 26, 2007 AS NOTICED

The continuation of plaintiff's deposition was noticed on March 1, 2007 for March 26, 2007. Defendants' counsel notes that the medical records of plaintiff's primary medical treater, Linda Spiegel, APRN, have repeatedly been requested, but to date, the records **have not been produced**. Further, defense counsel notes that the letter requesting that the deposition be limited to two hours is from a Dr. Thomas Manger who has never been mentioned previously. Dr. Manger had no history to base his barely legible recommendation upon. Further, defendants' counsel notes that the letter from Dr. Manger is dated February 27, 2007 **before** the notice for the date of the continuation of the deposition was mailed. Plaintiff's counsel NEVER submitted

---

[4] The defendant is attaching pages 203-207 and pages 111-113 as just a couple of further examples where the plaintiff refused to answer simple questions.

to defendants' counsel the February 27, 2007 letter prior to its submission as an attachment to the March 18, 2007 pleading.

It is suspicious that the request to limit a deposition to two (2) hours in length does **not** come from Ms. Spiegel. It was Ms. Spiegel who authored several letters declaring that Ms. Charette **could not** be deposed, but later admitted under oath that she could be deposed prompting the Court's order. Plaintiff showed no visible discomfort at the 3.5-hour deposition of January 29, 2007.

### IV    PLAINTIFF HAS FAILED TO PAY $1,100 OWED STATE AS ORDERED BY THE COURT ON JANUARY 10, 2007

The defendants' counsel notes for the Court that the plaintiff to date has failed to pay the State of Connecticut, Attorney General's Office the $1,100.00 sanctioned by this Court on January 10, 2007 (Doc. # 107). The plaintiff made a unilateral decision to forward a check for $5.00[5] on March 6, 2007 to the Attorney General's Office. No discussion had taken place regarding a periodic payment plan and certainly the undersigned would not agree to such an outrageous amount in consideration of the sanctioned amount owed the State of Connecticut.

The undersigned respectfully requests that this Court set a date certain for the payment of the sanction amount or for a reasonable payment plan wherein the plaintiff is required to make

---

[5] The check, sent by the Law Office of Rubenstein & Sendy, LLC, was made payable to "Joseph Jordano." The check was returned on March 8, 2007 with the letter copied to Attorney John Williams and U.S. District Court Judge Warren W. Eginton. A e-mail was sent that day to the Law Office of John R. Williams, LLC, regarding the check and requesting that he contact the undersigned regarding a reasonable payment plan. To date, no response has been received.

consistent payments and that the amount sanctioned be paid in full in a reasonable length of time.[6]

### V. DEFENDANTS REQUEST ADDITIONAL TIME TO DEPOSE PLAINTIFF BASED UPON HER REFUSAL TO ANSWER QUESTIONS AT PRIOR DEPOSITION

The undersigned respectfully requests that, if the Court is inclined to grant the plaintiff's request to amend the deposition schedule to allow for a two-hour session and a 1.-5-hour session only, that the Court grant defendants' counsel additional time to depose the plaintiff. The plaintiff's evasiveness throughout the discovery process was self-evident. During the January 29, 2007 deposition, on that date the plaintiff on many occasions refused to answer questions citing "privacy" despite the fact that she has made her mental state an issue. That necessitated a call to the Court where Judge Eginton informed the plaintiff that she had answer questions about her medical condition and social security benefits. The Court is reminded, as noted, supra, that the medical records of Ms. Spiegel have not been produced to date and that makes inquiry of the plaintiff incomplete until such time the medical records have been produced. The defendants, through counsel, have the right to address all claims presented by the plaintiff, including any facts that bare on her damages and ability to work. Based upon plaintiff's failure to respond to legitimate questions, the undersigned requests an additional 3.5 hours to depose the plaintiff. Further, the defendants request that the plaintiff be responsible for bearing the costs for any/all future depositions that may take place.

---

[6] The Attorney General's Office, as all state agencies, is required to prepare a collection report within 24 hours of receipt of any funds. Plaintiff's unilateral $5 payment plan would cause an undue hardship on the administrative assistant of the Employment Rights Department, forcing her to fill out the considerable paperwork required for minimal result. It would cost the Attorney General's Office more for this documentation to be prepared than the amount received.

## VI. CONCLUSION

For all the foregoing reasons, the defendants object to the plaintiff's Motion to Limit Deposition Sessions to Two (2) Hours Per Session and moves that the Court deny the plaintiff's motion in its entirety. In light of the plaintiff's continued obstructions of the process and her continued tactics delaying the matter, the defendants in the alternative move that the Court, consistent with its order of January 10, 2007, dismiss the matter in its entirety with prejudice.

        DEFENDANTS

        RICHARD BLUMENTHAL
        ATTORNEY GENERAL

By: */s/ Joseph A. Jordano*
     Joseph A. Jordano
     Assistant Attorney General
     55 Elm Street, P.O. Box 120
     Hartford, CT  06141-0120
     Tel:  (860) 808-5340
     Fax: (860) 808-5383
     Email:
     Joseph.Jordano@po.state.ct.us
     Federal Bar # ct21487

**CERTIFICATION**

I hereby certify that on March 22, 2007 a copy of the foregoing was filed electronically. Notice of this filing was sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/_Joseph A. Jordano_____
Joseph A. Jordano (# ct21487)
Assistant Attorney General
55 Elm Street, P.O. Box 120
Hartford, CT  06141-0120
Tel.: (860) 808-5340
Fax: (860) 808-5383
E-mail: Joseph.Jordano@po.state.ct.us