UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LISA CHARETTE | : | CIVIL NO. 3:01CV1927(WWE) |
| *Plaintiff* | : | |
| | : | |
| v. | : | |
| | : | |
| STATE OF CONNECTICUT | | |
| DEPARTMENT OF SOCIAL SERVICES, | | |
| ET AL. | | |
| *Defendants* | : | April 30, 2007 |

## RESPONSE TO MOTION TO VACATE

COMES NOW the defendants, State of Connecticut Department of Social Services, Rudolph Jones, Ronald Georgetti, John Galiette, John Halliday and Brian Merbaum, through counsel and respectfully responds to the plaintiff's Motion to Vacate Order of Dismissal dated April 26, 2007 (Doc. # 123).

It is inherently apparent that the plaintiff does not get it; has not gotten it and apparently will never get the circumstances surrounding the Court's order of March 29, 2007 (Doc. # 120) dismissing the case with prejudice. The dismissal of the matter had nothing to do with the plaintiff's failure to pay the amount sanctioned by the court as implied by the plaintiff's Motion to Vacate.[1] The dismissal of the instant matter had everything to do with the plaintiff's refusal to cooperate during the discovery process, failure to appear for her duly noticed deposition, failure to abide by the Court's ruling of January 9, 2007 (Doc. # 107) and her long history of attempting to dictate to the Court on how the matter should proceed.

---

[1] Defendants' counsel is now aware why the Law Firm of Rubenstein & Sendy, LLC, sent a check in the full amount of $1,800.00 to the undersigned's attention on April 23, 2007 to satisfy the sanctions assessed against the plaintiff. The plaintiff, to remind the Court, in two earlier attempts sent a check in the amount of $5.00 to the Attorney General's Office despite no payment plan ever being discussed, let alone implemented.

The defendants assume the Court's familiarity with the pleadings but for the Court's convenience repeat salient points. The Court on January 9, 2007, in response to the defendants' Motion to Compel and Motion for Sanctions; and Motion for Status Conference, issued an order that stated, in pertinent part,

> IT IS THEREFORE ORDERED that the plaintiff will appear for two depositions to begin at 10:00 a.m. at the office of defense counsel within 30 days of this Order at date to be noticed by defense counsel. Defense counsel shall be afforded 3.5 hours on each date, excluding breaks two hours and a one hour lunch break, to conduct the depositions. Plaintiff's failure or refusal to attend these depositions without prior approval of the Court shall result in the dismissal of her case, with prejudice.

On January 29, 2007, the plaintiff's deposition was resumed. At this deposition, she refused to acknowledge that a prior deposition had taken place. She insisted that was part of the Court's order, despite the contrary. She constantly verbally fought with the defendants' counsel and continued her dilatory tactics. The plaintiff's tactics were to such an extent that the undersigned was forced to call the Court twice to request assistance. The Court at that time ordered the plaintiff to refrain from her tactics and to respond to the defendants' inquiries, which she refused to do.

The resumption of the plaintiff's deposition was scheduled for March 26, 2007. However, on March 18, 2007 (Doc. # 118), plaintiff filed a Motion to Limit Deposition Session to Two Hours Per Session and attached a letter from a doctor dated February 27, 2007.

The continuation of the plaintiff's deposition was noticed March 1, 2007. Plaintiff's counsel was aware that the re-notice was being sent, but no mention of a doctor's note was presented until its March 18, 2007 filing. Plaintiff shopped around for a new physician who would provide her with a medical note.

The plaintiff's obfuscation to this instant matter, pending since 2001, is long and tawdry. She has made demands that her medical provider attend any deposition.[2] She demanded her personnel file[3], despite it never being requested in discovery. She has continually made new demands, but has steadfastly refused to abide by the court's orders, finding one reason after another to frustrate the process. For example, despite <u>repeated requests</u> for her medical records from her primary medical provider, APRN Linda Spiegel, counsel was still waiting for the medical records as of the date the court dismissed the case.

Plaintiff counsel's assertion that the plaintiff "remains, as she always has been, prepared to submit to a deposition by the defense" is disingenuous at best. Plaintiff through a breadth of the proceedings insisted that she could not sit for a deposition <u>under any circumstances</u> and had several medical providers provide documentation to that extent over a period of time. Ms. Spiegel, in a letter dated February 10, 2006 to plaintiff's counsel John R. Williams, opined that the plaintiff could not be deposed based upon the "mental and physical abuse at the hands of this employer." Only after the Court dismissed the instant matter the first time in February 2006 (Doc. # 78) did the plaintiff's ill health improve to the point where sitting for a deposition was a possibility.

As the old adage states, "trick me once, shame on you, trick me twice, shame on me." If the Court had wanted the plaintiff to simply pay the sanctions as imposed, it would have done so. It did not. The Court, rightfully, based upon the plaintiff's history of dilatory tactics wherein she thinks she has control over the proper method of how the proceeding should be handled, put

---

[2] Plaintiff's medical treater, Linda Spiegel, APRN, appeared for the January 29, 2007 deposition. She left the room shortly after its inception, never to return.

an end to this litigation by issuing its March 29, 2007 Order dismissing the matter with prejudice.

Plaintiff's motion to vacate is unavailing. The motion is totally lacking in substance and foundation. And, more importantly, it wholly misses the point on why the matter was dismissed. The court should affirm its earlier ruling and let the plaintiff prosecute her claims in the parallel state court proceeding that is still pending. For all the foregoing reasons, the plaintiff's motion to vacate must be denied.

                        DEFENDANTS

                        RICHARD BLUMENTHAL
                        ATTORNEY GENERAL

By: /s/ Joseph A. Jordano
     Joseph A. Jordano
     Assistant Attorney General
     55 Elm Street, P.O. Box 120
     Hartford, CT  06141-0120
     Tel:  (860) 808-5340
     Fax: (860) 808-5383
     Email:
     Joseph.Jordano@po.state.ct.us
     Federal Bar # ct21487

---

[3] The personnel file was sent to plaintiff's counsel as a courtesy.

**CERTIFICATION**

I hereby certify that on April 30, 2007 a copy of the foregoing Response to Motion to Vacate was filed electronically. Notice of this filing was sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Joseph A. Jordano
Joseph A. Jordano (# ct21487)
Assistant Attorney General
55 Elm Street, P.O. Box 120
Hartford, CT 06141-0120
Tel.: (860) 808-5340
Fax: (860) 808-5383
E-mail: Joseph.Jordano@po.state.ct.us