UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LISA A. CHARETTE, | : |
| | : |
| | : |
| Plaintiff | : |
| | : DOCKET NO. 3:01-CV-01927 |
| v. | : |
| | : |
| | : |
| STATE OF CONNECTICUT | : |
| DEPARTMENT OF SOCIAL SERVICES, | : |
| RUDOLPH JONES, RONALD | : |
| GEORGETTI, JOHN GALIETTE, | : |
| JOHN HALLIDAY, BRIAN MERBAUM, | : |
| | : |
| | : |
| Defendants. | : |
| | : |

MEMORANDUM OF DECISION

In 2001, plaintiff Lisa Charette filed suit against the State of Connecticut Department of Social Services ("DSS") and certain employees of the DSS claiming discrimination and a violation of the Americans with Disabilities Act.  In 2007, this Court dismissed with prejudice plaintiff's case pursuant to Rule 37 of the Federal Rules of Civil Procedure.  Plaintiff appealed and upon review the Second Circuit vacated and remanded in light of the Second Circuit's recent opinion Agiwal v. Mid Island Mortgage Corp., 555 F.3d 298 (2d Cir. 2009).  Now pending before this Court is a reconsideration of its order of dismissal.  For the reasons set forth herein this Court will not dismiss plaintiff's case.

1

**BACKGROUND**

In 2004, in connection with discovery in this case, defendants made efforts to take plaintiff's deposition. Plaintiff failed to appear at her deposition citing health concerns. On August 5, 2005, defendants filed a motion to compel and/or for sanctions and following a status conference before the Court in September 2005 discovery was continued until February 2006. The Court dismissed the matter without prejudice on February 23, 2006.

The district court reopened the case June 22, 2006 and a status conference was held on June 30, 2006. Following that status conference, the Court ordered plaintiff to allow defendants to take her deposition and that such deposition was to be completed by August 18, 2006. Once more, plaintiff prevented defendants from completely taking her deposition. Moreover, plaintiff demanded that the deposition take place at her nurse's office, refused to be deposed for over ninety minutes and would not commit to an additional day of testimony.

Frustrated by plaintiff's lack of cooperation, defendants filed a motion to compel on October 19, 2006. After a status conference with the Court on January 5, 2007, the Court on January 9, 2007 ordered plaintiff to appear for two depositions to begin at 10:00 a.m. at the office of defense counsel within 30 days of the Order at a date to be noticed by defense counsel. This Court warned plaintiff that "failure or refusal to attend these depositions without prior approval of the Court shall result in the dismissal of her case, with prejudice." At that time, plaintiff was sanctioned in the amount of $1,100 for defendants' reasonable attorney's fees. While plaintiff appeared at the first scheduled deposition session on January 29, 2007, she was evasive and nonresponsive and took issue with defendants' preference that the deposition be taken as a video deposition.

After the first session, defendants noticed the second deposition for March 26, 2007.  On March 12, 2007, defendants filed a motion for extension of time until May 30, 2007 to complete discovery, which this Court granted on March 13, 2007.  On March 21, 2007, plaintiff filed a motion to limit the depositions sessions and a motion for a protective order.  On March 26, 2007 defendants moved for a status conference to address the pending motions, the continuation of the deposition and plaintiff's failure to pay the ordered sanctions.  On March 29, 2007, the Court dismissed the case as a result of plaintiff's lack of cooperation in completing the deposition.

Plaintiff appealed the dismissal. Upon review, the Second Circuit vacated and remanded for further consideration in light of the recent decision Agiwal v. Mid Island Mortgage Corp., 555 F.3d  298 (2d Cir. 2009).  Both sides have submitted briefs addressing the application of Agiwal to the instant facts.

## DISCUSSION

In Agiwal, the Second Circuit set forth a four factor test to evaluate the district court's exercise of discretion to dismiss under Rule 37.  These four factors are: (1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of  noncompliance.  This Court will consider each factor in turn.

As for the first factor, the willfulness of the non-compliant party or the reason for noncompliance, plaintiff submits that any noncompliance or postponement of the depositions was due to defendants' failure to respond to plaintiff's requests for production and certain health issues, which prevented her from sitting in for extended periods of time.  Defendants counter that plaintiff's actions were willful and in violation of this Court's order.  In support, defendants point

3

to plaintiff's position that she would only be deposed for 1.5 hours, plaintiff's refusal to participate in a video deposition and plaintiff's nonresponsiveness when she was finally deposed at the first session. The excerpts of the deposition testimony submitted by defendants in support of dismissal showcase plaintiff's unresponsiveness. Given the history of this case and the evidence of willful noncompliance by plaintiff, this factor weighs in favor of dismissal.

The second factor, the efficacy of lesser sanctions, weighs against dismissal. Plaintiff has new counsel who has represented to the Court his commitment to moving this case along, to working with his client to comply with this Court's orders and to cooperate in good-faith with defendants. Plaintiff's new counsel has also represented that plaintiff now understands the rules governing the deposition process. Based on these statements to the Court, lesser sanctions are appropriate.

As for the third factor, the duration of the period of noncompliance, nearly three months transpired between the January 2007 Order to sit for two depositions and the dismissal in March 2007. However, the Court had granted defendants' motion to extend the time by which to complete discovery until May 2007, yet dismissed in March without allowing the plaintiff an opportunity to sit in for the second deposition and to effectively comply with the January 2007 Order.

The same is true of the fourth factor, whether the non-compliant party had been warned of the consequences of noncompliance. Though plaintiff had been warned of the consequences of noncompliance, the case was dismissed before the expiration of the date this Court had given plaintiff to comply. Had this case not been dismissed, plaintiff had until May 2007 to fully comply with the Court's Order. At that date, had plaintiff failed to complete the scheduled

depositions  dismissal would have been appropriate in light of this Court's warning that refusal to attend two scheduled depositions would result in dismissal.  While plaintiff's period  for noncompliance goes all the way back to June 2006 and plaintiff had been warned of the possibility of dismissal, the plaintiff had been given until May 2007 to comply with the Court's Order.  Therefore, these two factors weigh against dismissal.

## CONCLUSION

Upon reconsideration of its dismissal and application of the <u>Agiwal</u> factors to the facts, this Court will allow plaintiff to go forward with her case against defendants.  The Court adheres to its prior decision imposing monetary sanctions on plaintiff in the amount of $1,100.  Plaintiff is warned that any failure to comport with the rules of discovery or to thwart defendants' efforts to finalize discovery shall result in dismissal.  The parties are instructed to file a joint modified scheduling order within thirty (30) days of this Order.

/s/
Warren W. Eginton
Senior United States District Judge

Dated at Bridgeport, Connecticut this 16th day of September, 2009.