UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LISA A. CHARETTE,                              :
     Plaintiff,                           :
                                        :
v.                                             :                3:01-cv-01927-WWE
                                        :
RUDOLPH JONES, RONALD GEORGETTI,               :
JOHN GALIETTE, JOHN HALLIDAY, and              :
BRIAN MERBAUM,                                 :
     Defendants.

## MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants Rudolph Jones, Ronald Georgetti, John Galiette, John Halliday, and Brian

Merbaum have moved for summary judgment as to plaintiff Lisa A. Charette's Second Amended

Complaint [Doc. #30] in its entirety.  Plaintiff's sole remaining claim is for unlawful retaliation

based on the exercise of speech protected by the First Amendment.

In light of the grant of the consent motion to bifurcate [Doc. #230], the only issue

addressed in the motion for summary judgment is whether plaintiff engaged in any

constitutionally protected speech.

For the following reasons, defendants' motion will be granted.

## BACKGROUND

Plaintiff worked as a vocational rehabilitation counselor tasked with reviewing social

security disability applications for the State of Connecticut Department of Social Services.  Her

free speech retaliation claim is based on the allegation that she complained to the Federal Bureau

of Investigation ("FBI") about her employer's failure to appropriately utilize federal monies.

Plaintiff alleges that she was unlawfully retaliated against by the five individual defendants for so

informing the FBI.

## DISCUSSION

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir.), cert. denied, 502 U.S. 849 (1991).

The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. American International Group, Inc. v. London American International Corp., 664 F.2d 348, 351 (2d Cir. 1981). In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

If a nonmoving party has failed to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, then summary judgment is appropriate. Celotex Corp., 477 U.S. at 323. If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met. Anderson, 477 U.S. at 249.

**First Amendment Retaliation**

When interpreting the constitutional protections accorded to public employee speech, a court must first determine whether the employee spoke as a citizen on a matter of public concern. Garcetti v. Ceballos, 547 U.S. 410, 418 (2006). "If the answer is no, the employee has no First Amendment cause of action based on his or her employer's reaction to the speech." Id. "Whether an employee's speech addresses a matter of public concern is a question of law for the court to

decide, taking into account the content, form, and context of a given statement as revealed by the whole record." Ruotolo v. City of New York, 514 F.3d 184, 189 (2d Cir. 2008).

Government employers have heightened interests in controlling speech made by an employee in his or her professional capacity. Id. A public employee speaking in his official capacity is not speaking as a citizen for First Amendment purposes, and employer retaliation for such speech does not justify the displacement of managerial discretion by judicial supervision. Id.

Plaintiff's First Amendment retaliation claim states that "during the summer of 1997, [plaintiff] placed a telephone call to the Federal Bureau of Investigation ("FBI") to inform that agency of her belief that the federal monies which were earmarked for the [Bureau of Rehabilitation Services] were not being appropriately utilized." Am. Compl. ¶ 17.

Plaintiff contends that because her communications were made to independent government agencies and related to federal statutory violations committed by defendants, these communications clearly raised matters of public concern. Nevertheless, when deposed by defense counsel, plaintiff was unable to remember which outside agency she contacted, when such contact occurred, and what she may have communicated. Indeed plaintiff could not recall whether she actually contacted anybody. Without such evidence of the content, form, and context of her alleged statements, plaintiff cannot demonstrate that her alleged speech was made as a citizen and addressed a matter of public concern.

Plaintiff's deposition provides in relevant part:

Q:     I'd like you to turn to paragraph 17, please. Page 4 of [plaintiff's amended complaint]. Now you called the FBI in the summer of 1997, is that correct?

3

A:      [My attorney] wrote this complaint and that's what he has stated.

Q:      Did you – I don't care what he wrote.  Did you –

A:      I don't recall, sir, at this time.

Q:      You don't recall?

A:      Not at this time, no.

Q:      You don't recall if you contacted the FBI?

A:      Not at this time.

Q:      Did you review [your complaint] before [your attorney] [filed] this lawsuit?

A:      No [sic] at all sir.

***

Q:      Please tell me if you looked at that [complaint] and seen it before, ma'am?

A:      I can't identify that I've seen it before.  It is familiar to me from [my attorney].
        Exactly the wordings and everything, I can't attest to, but yes, it does look familiar
        to me.

Q:      Did you contact, as a factual [sic], did you contact in 1997 the Federal Bureau of
        Investigation?

A:      As of this time I can't recall, sir.

Q:      You don't recall?

A:      No, not at this time.

Q:      You don't recall at all.  Did you ever call them?

A:      I've answered your question, sir.  I don't recall at this time.

***

Q:      Let me rephrase it.  Did you ever contact the Federal Bureau of Investigation?

A:      I don't recall at this time.

Q:      Do you recall if you did, do you recall what you spoke to them about, if you did call them?

A:      If I don't recall at this time, how could I recall what I spoke to them about?

Q:      Did you keep any type of notes –

A:      This is 2007.

Q:      Did you keep any type of notes or diary about your conversations?

A:      I just said I don't recall, sir, so you're asking me questions that aren't applicable to my answer.

***

Q:      Yeah, notes or diary, any type of thing you wrote down regarding the, relating to the facts in this case?

A:      I think you've seen it already.  If that's what you're calling a diary, that would be a form of documentation yes, if I spoke with Affirmative Action, or if I, whatever.

Q:      Do you think if you spoke to the FBI, that would be in it?

A:      I don't recall a 1997 call to the FBI right now, and that would be social security pad of paper that you're talking about, so if you're asking me if I called the FBI from the social security office, I don't believe so.

***

Q:      At some point after you took over, after you changed your attorney, did you ever go through this complaint to see if it was accurate?

5

A:       Did I go through it?  I can't recall.

Pl.'s Dep. 71-79 [Doc. # 205-4].

As demonstrated above, upon deposition, plaintiff could not provide any support for the proposition that she spoke as a citizen on a matter of public concern to the FBI.[1]  Instead, plaintiff now relies on her own affidavit, which contradicts her deposition.  The Court does not find the affidavit to be persuasive in light of plaintiff's deposition testimony.  Indeed, "a party may not create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that, by omission or addition, contradicts the affiant's previous deposition testimony.  If a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting [her] own prior testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact.  Thus, factual issues created solely by an affidavit crafted to oppose a summary judgment motion are not 'genuine' issues for trial."  Hayes v. New York City Dept. of Corrections, 84 F.3d 614, 619 (2d Cir. 1996).

Plaintiff has failed to make a sufficient showing that she spoke as a citizen on a matter of public concern, an essential element of her case with respect to which she has the burden of proof.  Accordingly, summary judgment is appropriate for her claim of First Amendment retaliation.

---

[1]Plaintiff has declined to maintain the argument that charges of discrimination and retaliation with CHRO and the EEOC constituted speech as a citizen on matters of public concern.

## <u>CONCLUSION</u>

For the foregoing reasons, defendants' motion for summary judgment is GRANTED.

The Clerk is instructed to close this case.

Dated this 31st day of July, 2013, at Bridgeport, Connecticut.


_____/s/_____
WARREN W.  EGINTON
SENIOR UNITED STATES DISTRICT JUDGE

7